IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee | ) | |
| | ) | No. 15-5109 |
| v. | ) | |
| | ) | |
| LINDSEY KENT SPRINGER, | ) | |
| | ) | |
| Defendant-Appellant | ) | |

_____

GOVERNMENT'S MOTION TO DISMISS DEFENDANT'S FIFTH APPEAL

Defendant-Appellant Lindsey Springer was sentenced to 15 years'

imprisonment in April 2010 for conspiring to defraud the United States, evading

his taxes, and willfully failing to file tax returns.  This Court affirmed the district

court's judgment in October 2011.  Springer now appeals — for the fifth time —

from his underlying convictions and sentence.  His appeal should be dismissed

because it is barred by 18 U.S.C. § 2255(h), because it violates the filing

restrictions this Court imposed on Springer in 2007, and because it is frivolous.

1.  Springer timely appealed his convictions and sentence in April 2010

(No. 10-5055), and this Court affirmed the district court's judgment in an

unpublished decision.  *See United States v. Springer*, 444 Fed. App'x 256 (10th

Cir. 2011).  While Springer's appeal was pending — and after the government had

filed its answering brief — Springer filed two more appeals: an appeal from the

district court's denial of his motion for a new trial (No. 10-5053), and an appeal

from the denial of his petition for a writ of error *coram nobis* (No. 10-5156).  The

government moved to dismiss both of these appeals as frivolous; this Court

summarily rejected Springer's additional arguments in its October 2011 decision.

*See* 444 Fed. App'x at 266-67.

2.  In 2014, Springer moved under 28 U.S.C. § 2255 to set aside his

convictions and sentence, citing 76 grounds for relief.  (*See* No. 14-5109.)  After

the district court denied his motion, he appealed; this Court dismissed his appeal

on February 25, 2015.

3.  Springer now brings a fifth appeal to this Court.  He styles this one as an

appeal from the district court's denial of his motion to enjoin enforcement of the

judgment "based upon several frauds on the court."  (D.Ct. docket no. 604.)

Springer's claim of fraud is that the government attorneys who prosecuted him

lacked the authority to do so — the same argument Springer made at various points

before and during trial (*see* D.Ct. docket nos. 293, 312), in his § 2255 appeal, and

in a separate mandamus petition that this Court denied in 2013 (No. 13-5113).  In

its decision below, the district court again rejected Springer's claims: "Over the

years, Mr. Springer has made similar arguments challenging the authority of

prosecutors and the court, all of which have been rejected.  Further discussion of

these frivolous arguments is not necessary.  The motion is DENIED."  (D.Ct.

docket no. 606.)

4.  Under Local Rule 27.2(A)(1)(a), a party may move "to dismiss the entire case for lack of appellate jurisdiction or for any other reason a dismissal is permitted by statute, the Federal Rules of Appellate Procedure or these rules."[*] Springer's appeal should be dismissed for several reasons: (a) the appeal is barred by 28 U.S.C. § 2255(h), (b) it is barred by the filing restrictions this Court has imposed on Springer, and (c) it is frivolous. *See* 28 U.S.C. § 1915(e) (a "court shall dismiss [a] case at any time if the court determines that . . . the action or appeal . . . is frivolous"); *Braley v. Campbell*, 832 F.2d 1504, 1510 (10th Cir. 1987) (en banc) (an appeal is "frivolous" when "the result is obvious, or the appellant's arguments of error are wholly without merit").

a.  Springer cites no rule that provides the relief he seeks, instead relying on (Br. 43) this Court's decision in *United States v. Buck*, 281 F.3d 1336 (10th Cir. 2002) and related cases, which held that a "fraud upon the court" claim may be brought as "an independent action" or as a motion seeking "to invoke the inherent power of a court to set aside its judgment," *id.* at 1342.  But as this Court has

---

[*] Local Rule 27.2(A)(3)(a) requires a dispositive motion such as this one to be filed "within 14 days after the notice of appeal is filed, unless good cause is shown." The government received Springer's brief via this Court's notice of docketing activity on the afternoon of January 19, 2016, and before that was unaware of what exactly Springer intended to argue in his appeal.  Now that it is clear Springer's arguments must be dismissed, we are submitting this motion.

recognized, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)

limits the courts' power to consider claims of fraud on the court in criminal cases.

*See United States v. Williams*, 790 F.3d 1059, 1064, 1071-72 (10th Cir. 2015)

(rejecting "the practice of relabeling what would otherwise constitute a second or

successive petition as a motion alleging fraud in an attempt to avoid the reach of

AEDPA's procedural bars").  Under AEDPA, a second or successive motion under

§ 2255 may proceed only upon issuance of a certificate of appealability.  28 U.S.C.

§ 2255(h).  Springer has made no attempt to comply with AEDPA's procedural

requirements in this case, nor has he obtained (or made any showing that would

justify obtaining) a certificate of appealability.

b.  As this Court noted in Springer's original § 2255 appeal, Springer is

under filing restrictions in this Court: "To proceed as an appellant in a civil matter,

Mr. Springer must be represented by a licensed and authorized attorney, or he must

obtain permission to proceed pro se."  (Order of Sept. 22, 2014, No. 14-5109,

citing *Springer v. Internal Revenue Service ex rel. United States*, Nos. 05-6387, 06-

5123, and 06-6268, 2007 WL 1252475 (10th Cir. May 1, 2007) (unpublished)

("Springer has a long history of filing meritless federal actions and appeals pro

se.").)  As this Court determined in that Sept. 2014 order, Springer's filing

restrictions apply to appeals from denials of § 2255 motions.  They therefore

necessarily apply to any "independent action" that Springer might be able to bring

under a fraud-on-the-court theory to attack his underlying criminal convictions.  In

this appeal, however, Springer has completely ignored this Court's filing

restrictions.

      c.  Springer's appeal is frivolous on the merits, and the district court

correctly rejected this same argument years ago: "The appointment of a previously

acting United States Attorney, as a United States Attorney, does not compromise

the United States' ability to prosecute this action."  (D.Ct. docket no. 312 at 2.)

Nor, as the district court pointed out, should a defendant "be able to challenge the

authority of a prosecution team, for the first time, only after the defendant's

conviction."  (D.Ct. docket no. 293 at 12.)  Springer cannot establish that the

district court clearly erred, years ago, in rejecting his factual claims, or that the

district court abused its discretion by rejecting Springer's allegations as untimely.

- 6 -

CONCLUSION

This appeal should be dismissed.


Respectfully submitted,

CAROLINE D. CIRAOLO
  *Acting Assistant Attorney General*

s/ Alexander P. Robbins
S. ROBERT LYONS                          (202) 514-5396
  *Acting Chief, Criminal Appeals &*
  *Tax Enforcement Policy Section*
GREGORY VICTOR DAVIS                      (202) 514-5396
ALEXANDER P. ROBBINS                      (202) 514-5396
  *Attorneys*
  *Tax Division*
  *Department of Justice*
  *Post Office Box 502*
  *Washington, D.C. 20044*

DATED:  January 21, 2016

- 7 -

CERTIFICATE OF SERVICE

As provided under Fed. R. App. P. 25(c) and Local Rule 25.4, on this date, I

served this motion on the pro se defendant-appellant via U.S. mail, postage

prepaid, at the following address:


Lindsey Kent Springer
Reg. # 02580-063
Federal Satellite Low – La Tuna
P.O. Box 6000
Anthony, New Mexico 88021

                                        s/ Alexander P. Robbins
                                        ALEXANDER P. ROBBINS
                                          *Attorney for the United States*

DATED:  January 21, 2016

Appellate Case: 15-5109    Document: 01019558139    Date Filed: 01/21/2016    Page: 8

- 8 -

CERTIFICATE OF COMPLIANCE

As required by Part V(B) of the General Order of March 18, 2009, I hereby certify that this ECF submission was scanned for viruses using Microsoft System Center 2012 Endpoint Protection (updated daily), and, according to the program, is free of viruses.

I further certify that all required privacy redactions have been made. *See* Fed. R. App. P. 25(a)(5).

s/ Alexander P. Robbins
ALEXANDER P. ROBBINS
*Attorney for the United States*

DATED:  January 21, 2016