IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) |
| v. | ) Case No. 15-5109 |
| | ) (09-CR-043) |
| LINDSEY KENT SPRINGER, | ) |
| | ) |
| Defendant-Appellant. | ) |

MOTION FOR LEAVE TO EXCEED PAGE LIMIT

Lindsey Kent Springer ("Appellant") moves this Court for an order granting leave to exceed the 20 page limit involving Response to Motions to Dismiss and allow Appellant to file a response of 33 pages not including Certificate of Service and Declaration of Mailing. The Response accompanies this Motion.

REASONS FOR THE MOTION

Under Federal Rules of Appellate Procedure Rule 27(d)(2), a response to a motion is not to exceed 20 pages unless the Court permits otherwise.

The Appeal in this case to which Appellee has moved to dismiss invovles 13 Frauds upon the Criminal Court. Appellee styles their Motion:

"Government's Motion to Dismiss Defendant's Fifth Appeal."
Motion at 1.

Had the 13 Frauds Upon the Court not been perpetrated by Thomas Scott Woodward ("Woodward"), Kenneth P. Snoke ("Snoke"), Charles A. O'Reilly ("O'Reilly"), Jeffrey A. Gallant ("Gallant"), and Danny C. Williams Sr. ("Williams"), at various times between January, 2009 through present day, there would have never been a need to file even one appeal to this Court. So arguing that Appellant filed four other appeals on different issues, that would never have occurred if Woodward, Snoke, O'Reilly, Gallant, or Willaims, had not acted to commit frauds upon the Court at various times, is an inaccurate picture of what has happened.

Appellee raised several complicated legal and factual challenges to App-

1

ellant's appeal in it's Motion to Dismiss.

Other than incorporating by reference Appellant's Opening Brief, which is disfavored by this Court, Appellant needs to exceed the page limitation to adequately oppose Appellee's Motion on all the issues raised by Appellee.

First, Appellee knowingly filed their Motion 66 days out of time and provided no good cause explanation for the delay as required by Tenth Circuit Local Rule 27.2(A)(1)(a). To show how Appellee actually acted in bad faith in filing the motion, it took 8 pages of the 20 allowed just to deal with that issue alone. Appellant needed to show what Appellee knew and when they knew it.

Second, Appellant must show why his Motion in the District Court, and this appeal, are not subject to the AEDPA and how the April 28, 2010 criminal judgment never became final due to the 13 undisputed frauds upon the Court. This issue includes how the Supreme Court in McQuiggin v. Perkins, 133 S.Ct. 1924, 1934(2013) overruled the decisions the Tenth Circuit relied upon in U.S. v. Williams, 790 F.3d 1059(10th Cir. 2015), cited by Appellee, such as U.S. v. Baker, 718 F.3d 1204, 1205-08(10th Cir. 2013), Berryhill v. Evans, 466 F.3d 934, 937-38(10th Cir. 2006), Spitzna v. Boone, 464 F.3d 1213, 1216(10th Cir. 2006), In Re Weatherby, 717 F.3d 1108, 1111(10th Cir. 2013), that reasoned, prior to McQuiggin, out of Gonzales v. Crosby, 545 U.S. 524, 538, 125 S.Ct. 2641, 162 L. Ed. 2d 480(2005). Clearly equity survived the AEDPA.

Third, Appellant is requird to address the difference between a "civil matter" and this "criminal matter" for purpose of addressing this Court's May 1, 2007 injunction against Appellant involving "civil" appeals and original actions.

Fourth, Appellee misues Local Rule 27.2(A)(1)(a) to argue the merits of Appellant's appeal requiring some discussion why Appellee is grossly in error.

Fifth, Appellant's appeal, nor is motion to enjoin, are legally frivolous.

Had Appellee simply filed a response brief, or waived their right to oppose Appellant's Opening Brief, this Motion, Appellant's response, and any order from this Court would not be necessary. But it is necessary to properly rebut Appellee's Motion to Dismiss.

It is worth pointing out that all Appellee needed to do is produce the appointment instruments for the various lawyers but they choose to remain silent. Appellant has rebutted any presumption of regularity afforded these or any attorneys.

In USA v. Springer, 14-5012, the Article II, § 2, Cl. 2 Office of Assistant Attorney General was being filled by "Acting Assistant Attorney General" Tamara Ashford. Now the Tax Division has another "Acting Assistant Attorney General" for the Tax Division named Caroline D. Ciraolo. Motion at 6.

There has been no interveing Assistant Attorney General for the Tax Division that would allow 5 U.S.C. § 3345(a)(1) to start over again.

## CONCLUSION

Appellant respectfully requests this Court enter an order extending the page limitation from 20 pages to 33 pages to allow Appellant to properly address the issues raised or caused by Appellee's Motion to Dismiss. Appellant did not receive Appellee's Motion until February 1, 2016 and by rule has only 14 days from January 21, 2016 to make any response Appellant chooses.

Respectfully Submitted,

Reg. # 02580-063
Federal Satellite Low-La Tuna
P.O. Box 6000
Anthony, New Mexico 88021

CERTIFICATE OF SERVICE

I hereby certify that on February 4, 2016, I mailed by U.S. Mail First Class Appellant's Motion for Leave to exceed page limit, to the Clerk of Court, 1823 Stout Street, Denver, Colorado 80257;

I further certify that the following parties are registered ECF users with the Tenth Circuit Court of Appeals and shall receive service of the above Motion through the Court's ECF system:

United States of America
Frank Phillip Cihlar
Gregory Victor Davis
Alexander Patrick Robbins

Acting Assistant Attorney General Caroline D. Ciraolo
Acting Chief, Criminal Appeals, Tax Division S. Robert Lyons

/s/ Lindsey K. Springer
Server

DECLARATION OF MAILING

I declare under the penalty of perjury pursuant to 28 U.S.C. § 1746(1), under the laws of the United States of America, that on February 4, 2016, I deposited the above Motion in the U.S. Mailbox located inside FSL La Tuna to the address of the Clerk listed above.

/s/ Lindsey K. Springer
Declarant.

4